UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARCUS KYLE REID** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5027** |
| **FARMERS INSURANCE CO.** | **SECTION "G"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. On December 7, 2015, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by conference telephone call.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual and Procedural Background

#### A.   The Complaint

The plaintiff, Marcus Kyle Reid ("Reid"), is an inmate incarcerated in the Eastern Arkansas Regional Unit in Marianna, Arkansas.[3] Reid filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Farmers Insurance Company ("Farmers"), Ryan Heppler ("Heppler"), and the Regional Claims Office for Farmers Insurance Company. Under a broad reading, Reid alleges that, on November 17, 2014, he was a injured while a passenger in a pickup

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges occurred and the legal basis for the claims. The information received is considered to an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 8. The plaintiff was sworn prior to testifying and the hearing was digitally recorded.

[3] Rec. Doc. No. 4.

truck driven by Heppler and insured by Farmers. He asserts that the injuries occurred on the way to work as pipe welders for Elite Welding Service at a Boise Paper Mill plant in Deridder, Louisiana in Beauregard Parish. He contends that claims were filed with Farmers and some of his medical bills were paid.

However, he has not heard back from the adjuster, Sandra Hauser, to complete his claim, and the deadline for filing suit for damages was approaching on November 17, 2015. Reid claims that he filed this suit in an effort to protect his rights and compel Farmers's regional claims office in Lafayette, Louisiana to honor his claim for lost wages, pain and suffering, and medical bills.

### B.     The *Spears* Hearing and Plaintiff's Consent to Dismissal

In an effort to further clarify Reid's claims and the basis for jurisdiction and venue, the Court conducted the *Spears* Hearing. Reid testified that he reached a settlement for a certain amount of money, which was disclosed to the Court, with Farmers after the accident. He stated that he had a retained lawyer assisting with the matter until he received a parole violation and revocation and was brought to jail. He indicated that he was on parole following a 1994 conviction and sentence for insurance fraud related to money he stole through his car repair business. He was out for six years before the violation, which was based on his moving around Arkansas and Louisiana for work.

Reid further stated that he finally spoke to the adjuster, Ms. Hauser, shortly before this hearing. She advised him that she sent a check and the settlement paperwork to him at his current facility. Reid indicated, however, that he had not yet received it.

The Court discussed with Reid the fact that it did not appear that this Court was the proper venue or with jurisdictional authority to address the merits of his tort claims against the defendants

in the manner his complaint was presented. Nevertheless, at Reid's urging, the Court initiated a conference call with Ms. Hauser, the adjuster for Farmers.

Ms. Hauser confirmed that she sent the paperwork and check to Reid for the net settlement amount after deductions for the attorney's fee lien and the medical bills paid directly to the providers. She also confirmed that she spoke to Reid a few days earlier and agreed to resend everything to him if it did not arrive. When Reid advised her that he still has not received the packet, Ms. Hauser agreed to resend it to him by overnight mail to the specific address given to her by Reid during the conference call.

Reid thereafter agreed that his federal suit against the defendants should be dismissed in light of the settlement with Farmers and the forthright efforts of Ms. Hauser to complete the settlement.

## II.     Voluntary Dismissal Under Fed. R. Civ. P. 41(a)(1)

Rule 41(a)(1) of the Federal Rules of Civil Procedure governs the voluntary dismissal of a case by the plaintiff. In this case, there has been no service on the defendants and no responsive pleadings filed. The Rule provides, *inter alia*, that a plaintiff may voluntarily dismiss an action without a court order and without consent of the defendants when the notice of dismissal is filed before the opposing parties serve either an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). A unilateral dismissal by the plaintiff "[i]s permissible only before the defendant has filed an answer or a motion for summary judgment." *Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 661 (5th Cir. 1979).

In this case, Reid advised the Court of his consent that the matter should be dismissed in light of the settlement met and the efforts made to perfect it. The Court finds that the defendants will not suffer prejudice from Reid's voluntary dismissal of this complaint.

A plaintiff's voluntary dismissal under Rule 41(a)(l)(A)(i) is effective immediately and does not normally require further action by the Court. *See Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (citing *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (explaining that a Fed. R. Civ. P 41(a)(1)(A)(i) dismissal is "immediately self-effectuating" without any action by the court)). In this case, because Reid expressed his desire to dismiss the instant federal case orally during the *Spears* Hearing, the undersigned issues this Report and Recommendation to provide the circumstances surrounding the request or consent to voluntarily dismiss this action. Normally, Reid's oral expression to dismiss "itself closes the file. . . . There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone." *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). Under the circumstances of this case, however, the Court will recommend that the District Judge dismiss the case without prejudice.

## III.   Recommendation

It is therefore **RECOMMENDED** that Reid's complaint against the defendants, Farmers Insurance Company, Ryan Heppler, and the Regional Claims Office for Farmers Insurance Company, be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 8th day of January, 2016.

                                                                                  **KAREN WELLS ROBY**
                                                           **UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.